DAVID A. HUBBERT
Deputy Assistant Attorney General

M. BLAIR HLINKA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
202-307-0054 (f)
m.blair.hlinka@usdoj.gov
western.taxcivil@usdoj.gov

Attorney for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAO CHEN, aka "EDWIN CHEN," ZIQUN CHEN, JIE ZHU, ERIN CHAN, NANCY KAWAMOTO, and REPUBLIC SILVER STATE DISPOSAL, Inc., dba REPUBLIC SERVICES<br><br>    Defendants. | Case No. 2:21-cv-01951-JCM-DJA<br><br>**ORDER OF SALE** |

The Court has entered judgment in favor of the United States and against Defendants Chao Chen, AKA "Edwin Chen," Ziqun Chen, Jie Zhu, Erin Chan, and Nancy Kawamoto. Doc. 24. This Order of Sale is entered pursuant to the provisions of 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 2001 and 2002.

The real property sought to be foreclosed in this action is 937 Center Street, Henderson, Nevada 89015, and legally described as:

Lot Two (2) in Block One (1) of the SUNRISE SUBDIVISION NO. 1B, as shown by the map thereof on file in Book 7 of Plats, Page 26, in the Office of the County Recorder, Clark County, Nevada.

On March 16, 2023, the Court entered a Default Judgment, holding that the "federal tax liens against Chao Chen encumbering the Subject Property are foreclosed" and directed the United States to submit an Order of Foreclosure and Judicial Sale consistent with the Stipulation between Republic Silver and the United States so that the property may be sold in accordance with 26 U.S.C. § 7403. ECF no. 23 at 2; *see* ECF no. 4. Pursuant to this Stipulation, Republic Silver and the United States agreed that the United States' interest in the Property is superior to and has priority over Republic Silver's interest in the Property and sale proceeds shall be distributed in accordance with the agreed upon priority. ECF no. 4 at 2. 3.

Accordingly, the United States is entitled to enforce its federal tax liens against the Subject Property under 26 U.S.C. § 7403 to apply the proceeds toward the federal income tax liabilities of the Chao Chen at issue in this case.

Wherefore, it is **ORDERED** that:

1. The United States Marshal for the District of Utah ("U.S. Marshal"), his/her representative, a receiver selected by the United States, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property, free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the U.S. Marshal, a receiver, or a PALS representative to carry out the sale under this Order of Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

2. The U.S. Marshal, his/her representative, receiver, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until the deed to the Subject Property is delivered to the ultimate purchaser(s).

3. The terms and conditions of the sale shall be:

    a. Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

    c. The sale shall be held at the District of Nevada courthouse, on the Subject Property's premises, by mail-in bid, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the U.S. Marshal, his/her representative, receiver, or a PALS representative.

    d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Henderson, Nevada, and, at the discretion of the U.S. Marshal, his/her representative, receiver, or a PALS representative, by any other notice deemed appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to this sale under federal law, and state or**

Order
Case No. 2:21-cv-01951-JCM-DJA
3

1 **local law regarding redemption rights do not apply to this sale.** The
2 notice of sale shall contain a description of the Subject Property and shall
3 contain the material terms and conditions of sale in this Order of Sale.

4     e.   The minimum bid for the Subject Property will be set by the Internal
5 Revenue Service. If the minimum bid is not met or exceeded, the U.S.
6 Marshal, his/her representative, receiver, or a PALS representative may,
7 without further permission of this Court, and under the terms and
8 conditions in this Order of Sale, hold a new public sale, if necessary, and
9 reduce the minimum bid or sell to the highest bidder.

10     f.   Bidders shall be required to deposit at the time of sale with the U.S.
11 Marshal, his/her representative, receiver, or a PALS representative, a
12 minimum of ten percent (10%) of the bid, with the deposit to be made by a
13 certified or cashier's check payable to the United States District Court for
14 the District of Nevada. Before being permitted to bid at the sale, bidders
15 shall display to the U.S. Marshal, his/her representative, receiver, or a
16 PALS representative satisfactory proof of compliance with this
17 requirement.

18     g.   The balance of the purchase price for the Subject Property in excess of the
19 deposit tendered shall be paid to the U.S. Marshal, his/her representative,
20 receiver, or a PALS representative within thirty (30) days after the date the
21 bid is accepted, by a certified or cashier's check payable to the United
22 States District Court for the District of Nevada. If the successful bidder(s)
23 fail(s) to fulfill this requirement, the deposit shall be forfeited and shall be
24 applied to cover the expenses of the sale, including commissions due

under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of the Chao Chen described in this Order. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Sale, or in the alternative, sold to the second highest bidder(s). The United States may bid as a credit, without tender of cash, up to the amount of its outstanding judgment against the Chao Chen for unpaid tax liabilities.

h. The sale of the Subject Property shall not be final until confirmation by this Court. The U.S. Marshal, his/her representative, receiver, or a PALS representative shall file a report of sale with the Court within thirty (30) days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale, the U.S. Marshal, his/her representative, receiver, or a PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser(s).

j. Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Property that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished as to the Subject Property.

k. Upon confirmation of the sale, the purchaser(s) shall have the Clark County Recorder record the transfer of the Subject Property upon that county's register of title.

l. All rights to rents of or from the Subject Property arising after the final judgment in this action and before the confirmation of the sale of the Subject Property shall constitute proceeds of the Subject Property and

such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Property.  On confirmation of the sale of the Subject Property, all rights to product, offspring, rents, and profits of or from the Subject Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Property shall transfer to the successful bidder(s).

4.  Until the Subject Property is sold, Defendants Chao Chen, AKA "Edwin Chen," Ziqun Chen, Jie Zhu, Erin Chan, and Nancy Kawamoto shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) in their current condition including, without limitation, maintaining a fire and casualty insurance policy.  They shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so.  They shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

5.  All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 45 days of this order or prior to the date of sale, whichever is sooner, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property).  If any person fails or refuses to

leave and vacate the Subject Property by the time specified in this Order, the U.S. Marshal's Office is authorized to take whatever action it deems appropriate to remove such person(s) from the premises, whether or not the sale of the Subject Property is being conducted by a receiver or PALS representative.  **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order.  The U.S. Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.**  No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization of the U.S. Marshal, the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees.  Unauthorized persons who re-enter the Subject Property during the time this Order is in effect may be ejected by the U.S. Marshal without further order of the Court.

6. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the U.S. Marshal, his/her representative, receiver, or a PALS representative is authorized to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance to be paid into the registry of the Court for further distribution.

7. The U.S. Marshal, his/her representative, receiver, or a PALS representative shall deposit the amount paid by the purchaser(s) of the Subject Property into the registry of the Court.

8. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds received from the sale of the Subject Property in the following order of preference until these expenses and liens are satisfied:

    a. First, to the United States for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Property pending sale and confirmation by the Court.

    b. Second, to satisfy the unpaid amount owed to Clark County, Nevada to which 26 U.S.C. § 6323(b)(6) applies.

    c. Third, to the United States to satisfy its federal tax liens based on the Chen's unpaid federal tax liabilities. *See* ECF nos. 23, 24.

    d. Fourth, to Republic Service to satisfy its lien based upon non-payment of fees pursuant to Nevada Revised Statutes 444.520. *See* ECF no. 3.

DATED March 24, 2023.

                                                                       UNITED STATES DISTRICT JUDGE